UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY J. LIQUORE, JR., | : | |
| ADMINISTRATOR FOR THE ESTATE | : | |
| OF ANTHONY A. LIQUORE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:11-CV-1047-WWE |
| | : | |
| WHITNEY TRUCKING, INC. and | : | |
| TIMOTHY A. ZABEK, | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION ON DEFENDANT WHITNEY TRUCKING, INC.'S MOTION TO DISMISS COUNTS III, IV, AND V OF PLAINTIFF'S COMPLAINT**

Plaintiff Anthony J. Liquore, Jr., as administrator for the estate of Anthony A. Liquore, has filed a nine count complaint against defendants Whitney Trucking and Timothy A. Zabek. This action arises from a two-vehicle collision in which Anthony A. Liquore died.

Defendant Whitney Trucking has moved to dismiss Counts Three, Four, and Five of plaintiff's complaint for failure to state a claim.

For the following reasons, defendant's motion will be granted in part and denied in part.

**BACKGROUND**

For purposes of ruling on this motion to dismiss, the Court accepts the allegations of the complaint as true and draws all inferences in favor of plaintiff.

This action arises from a two-vehicle collision which occurred on January 10, 2010 on Interstate-91 in Enfield, Connecticut. Plaintiff's decedent was injured and died when a commercial tractor trailer unit operated by defendant Zabek, in the course of his employment with defendant Whitney Trucking, struck the rear end of the vehicle driven by plaintiff's

decedent.

Count Three alleges liability as to Whitney Trucking on the basis of the doctrine of respondeat superior for recklessness pursuant to Connecticut General Statutes §14-295. Count Four alleges negligent hiring, training, supervision, retention, and entrustment as to Whitney Trucking. Count Five of plaintiff's complaint alleges common law recklessness on the part of Whitney Trucking.

At the time of the accident, Zabek was traveling at 74.5 miles per hour - well above the posted limit. He also violated several other Connecticut traffic provisions. Zabek followed decedent's vehicle too closely and failed to control his tractor trailer, causing it to collide with decedent's Jeep, running it off the road and killing decedent. It is further alleged that Zabek's actions were negligent and exhibited a wanton and reckless disregard for the safety of plaintiff's decedent.

On September 16, 2011, defendant Whitney Trucking filed a motion to dismiss Counts Three, Four, and Five of plaintiff's complaint.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 556 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

**Count III**

Count Three of plaintiff's complaint alleges recklessness as to defendant Whitney Trucking pursuant to Connecticut General Statues §14-295.  Defendant argues that Connecticut does not recognize a claim for statutory recklessness against an employer grounded solely upon vicarious liability and, therefore, Count Three should be dismissed.

Section 14-295 provides:

> In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property. The owner of a rental or leased motor vehicle shall not be responsible for such damages unless the damages arose from such owner's operation of the motor vehicle.

Plaintiff has pointed to the split of authority in the Connecticut superior courts as to whether Conn. Gen. Stat. §14-295 abrogates the common law rule against punitive damages for vicariously liable parties.  In 2003, the legislature amended §14-295 to add language excluding the owner of a leased or rental motor vehicle from liability unless the damages arose from the owner's operation of the vehicle.  Plaintiff argues that if the legislature intended to exclude owners other than owners of rented or leased vehicles, it could have done so.

Nonetheless, two recent District of Connecticut cases have held that §14-295 does not abrogate the common law doctrine prohibiting liability for punitive damages such as that

3

imposed by §14-295.  Hronis v. EBO Logistics, 641 F. Supp. 2d 139, 140-42 (2009); Ghimbasan v. S & H Exp., Inc., 814, F. Supp. 2d 120, 123-29 (2011).  "Although the legislature may eliminate a common law right by statute, the presumption that the legislature does not have such a purpose can be overcome only if the legislative intent is clearly and plainly expressed."  Matthiessen v. Vanech, 266 Conn. 822, 838-39 (2003)).

Though the legislature could have extended the liability exclusion of §14-295 to owners other than owners of rented or leased vehicles, the omission of such an extension is not a clear and plain expression of intent to reverse the common law rule against vicarious liability for punitive damages.  Hronis, 641 F. Supp. 2d at 141.  Moreover, "[w]hile the [plaintiff's] position is supported by a small number of superior court judges, a strong trend has developed in applying Matthiessen's broader holding to claims brought under §14-295, thereby barring the recovery of punitive damages against parties who are only vicariously liable for the acts of others."  Zwicker v. Sabetta, 2008 WL 544610, at *5 (Conn. Super. Ct. 2008).  As such, Count Three will be dismissed.

**Count IV**

Count Four of plaintiff's complaint alleges negligent hiring, supervision, retention, and entrustment as to defendant Whitney Trucking.  Defendant originally argued that Count Four should be dismissed because Connecticut does not recognize claims for negligent entrustment.  Alternatively, defendant has contended that plaintiff has failed to allege facts which would make the negligent entrustment claim cognizable.

The elements of a claim for negligent entrustment are well established.  "When the evidence proves that [1] the owner of an automobile knows or ought reasonably to know that one

to whom he intrusts it is so incompetent to operate it upon the highways that the former ought reasonably to anticipate the likelihood of injury to others by reason of that incompetence, and [2] such incompetence does result in such injury, a basis of recovery by the person injured is established." Greeley v. Cunningham, 116 Conn. 515, 517 (1933).

Defendant contends that plaintiff failed to allege that defendant Whitney reasonably should have anticipated the likelihood of injury by reason of Zabek's incompetence. However, Count Four of plaintiff's complaint alleges that defendant failed to adequately (1) investigate Zabek's ability to operate a tractor trailer; (2) train Zabek; and (3) supervise Zabek's operation. Accepting these allegations as true, and drawing all reasonable inferences in favor of plaintiff, defendant should reasonably have anticipated injury to others by reason of Zabek's incompetance. Thus, Count Four will not be dismissed.

**Count V**

Count Five of plaintiff's complaint alleges common law recklessness as to defendant Whitney Trucking. Plaintiff concedes that generally an employer is not vicariously liable for an employee's reckless conduct. However, plaintiff argues for an exception to the rule based on the Restatement (Second) of Torts. The exception reads: "Punitive damages can properly be awarded against a master or other principal because of an act by an agent if, but only if . . . (b) the agent was unfit and the principal or a managerial agent was reckless in employing or retaining him, . . ."

While plaintiff has alleged that defendant Zabek was unfit, Count Five does not sufficiently allege how defendant Whitney was reckless in employing or retaining Zabek. Indeed, Count Five doesn't even label defendant Whitney as reckless. Plaintiff simply states that

defendant Whitney is liable to plaintiff's decedent under the doctrine of respondeat superior. As Count Five lacks factual allegations sufficient to raise a right to relief above the speculative level, it will be dismissed.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss will be granted in part and denied in part. Defendant's motion to dismiss Counts Three and Five is GRANTED without prejudice. Defendant's motion to dismiss Count Four is DENIED.

Plaintiff may file an amended complaint consistent with this ruling within fifteen days of this ruling's filing date.


Dated this 10th day of August, 2012 at Bridgeport, Connecticut.


_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE