UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY J. LIQUORE, JR. | : | |
| ADMINISTRATOR FOR THE ESTATE | : | |
| OF ANTHONY A. LIQUORE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:11-cv-01047-WWE |
| | : | |
| WHITNEY TRUCKING, INC. and | : | |
| TIMOTHY A. ZABEK. | : | |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Anthony J. Liquore, Jr. filed this action against defendants Whitney Trucking, Inc. and Timothy A. Zabek after Anthony A. Liquore Sr. died in a two-vehicle collision. Defendant Whitney Trucking has moved to dismiss Count Four of plaintiff's Amended Complaint, which alleges common law recklessness against Whitney Trucking.

Count Four alleges that Whitney Trucking was reckless by retaining its driver, Timothy Zabek, despite the facts that he had a criminal record, had a warrant out for his arrest, lied on his Commercial Driver Fitness Determination examination by denying his history of epilepsy/seizures, and did not meet the physical qualifications for drivers as set forth in 49 C.F.R. § 391.41(8)(epilepsy) and (9)(other medical disorders).  Further, plaintiff alleges that Whitney Trucking failed to ensure that Timothy Zabek was able to operate a commercial tractor trailer in accordance with Connecticut law, failed to comply with all alcohol and controlled substances testing pursuant to 49 C.F.R. §382, and failed to submit Timothy Zabek to random alcohol and controlled substance testing as required by 49 C.F.R. § 382.305 and 382.301.

For the following reasons, defendant's motion to dismiss will be denied.

## BACKGROUND

For purposes of ruling on this motion to dismiss, the Court accepts the allegations of the complaint as true and draws all inferences in favor of plaintiff.

This action arises from a two-vehicle collision which occurred on January 10, 2010, on Interstate 91 in Enfield, Connecticut.  Plaintiff's decedent was injured and died when a commercial tractor trailer unit operated by defendant Timothy Zabek, in the course of his employment with defendant Whitney Trucking, struck the rear end of the vehicle driven by plaintiff's decedent.

At the time of the accident, Zabek was traveling at 74.5 miles per hour, well above the posted limit.  He also violated several other Connecticut traffic provisions.  Zabek followed decedent's vehicle too closely and failed to control his tractor trailer, causing it to collide with decedent's Jeep, running it off the road and killing decedent.  It is further alleged that Zabek's actions were negligent and exhibited a wanton and reckless disregard for the safety of plaintiff's decedent.  Count Four of plaintiff's Amended Complaint alleges common law recklessness on the part of Whitney Trucking.

Whitney Trucking has moved to dismiss Count Four of plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as

2

true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73

(1984).  The complaint must contain the grounds upon which the claim rests through factual

allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 556 (2007).   A plaintiff is obliged to amplify a claim with some factual

allegations in those contexts where such amplification is needed to render the claim plausible.

Ashcroft v. Iqbal, 556 U.S. 662, 677-680 (2009).

**Vicarious Liability**

Whitney Trucking argues that Count Four of plaintiff's Amended Complaint amounts to

the mere claim that Whitney Trucking is vicariously liable for the reckless conduct of its

employee, co-defendant Timothy Zabek, in his operation of a motor vehicle.  Under Connecticut

law, "the owner of a motor vehicle is not vicariously liable for punitive damages resulting from

the driver's reckless operation of the vehicle."  Matthiessen v. Vanech, 266 Conn. 822, 837

(2003).  Accordingly, Whitney Trucking contends that it cannot be held liable based upon the

theory of respondeat superior for the reckless operation of a motor vehicle by its employee.

Here, Whitney Trucking virtually ignores the factual allegations concerning its conduct.

While Count Four obviously relates to Timothy Zabek's alleged reckless operation, it focuses on

the alleged direct failures of Whitney Trucking.  Count Four aims to hold Whitney Trucking

liable for its own allegedly dangerous conduct, not on the ground that Timothy Zabek's conduct

occurred during the course of his employment with Whitney Trucking.  Accordingly, defendant's

attempt to dismiss Count Four by framing it as a vicarious liability claim fails.

**Common Law Recklessness**

In addition, Whitney Trucking asserts that despite the insertion of additional allegations,

3

Count Four of plaintiff's Amended Complaint lacks factual allegations sufficient to raise a right to relief above the speculative level. Essentially, Whitney Trucking argues that plaintiff's allegations do not amount to recklessness.

The Supreme Court of Connecticut described common law recklessness in <u>Matthiessen v. Vanech</u>:

> Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater ... than that which is necessary to make his conduct negligent.... More recently, we have described recklessness as a state of consciousness with reference to the consequences of one's acts.... It is more than negligence, more than gross negligence.... The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them.... Wanton misconduct is reckless misconduct.... It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action.... While we have attempted to draw definitional distinctions between the terms wilful, wanton or reckless, in practice the three terms have been treated as meaning the same thing. The result is that willful, wanton, or reckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent.

<u>Matthiessen v. Vanech</u>, 266 Conn. 822, 832-33 (2003).

Here, whether defendant's conduct indicated a reckless disregard of the just rights or safety of others or of the consequences of its actions depends on the specific facts of the case, which cannot be established before discovery. The facts as alleged in Count Four make plaintiff's recklessness claim against Whitney Trucking legally feasible.

Plaintiff has alleged that Whitney Trucking employed Timothy Zabek as a truck driver despite his criminal record, outstanding arrest warrant, medical and physical infirmities,

4

inadequate training, and noncompliance with alcohol and controlled substance testing.  Whether Whitney Trucking's employment of Timothy Zabek as a truck driver was reckless depends not only on the truth of plaintiff's allegations, but also on how conscious of the resulting dangers Whitney Trucking was in choosing its actions.  Accepting the allegations of Count Four as true and drawing all inferences in favor of plaintiff, plaintiff's claim of recklessness against Whitney Trucking is plausible.  Accordingly, defendant's motion to dismiss will be denied.

**<u>CONCLUSION</u>**

For the foregoing reasons, defendant's motion to dismiss [Doc. #52] is DENIED.


Dated this 8th day of May at Bridgeport, Connecticut.


_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE